# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1341V
Filed: September 11, 2023

```
* * * * * * * * * * * * *
STEFANIE HOFFMAN                   *
                                   *
          Petitioner,              *          Decision on Joint Stipulation;
                                   *          Influenza ("Flu") Vaccine;
                                   *          Transverse Myelitis ("TM")
v.                                 *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
          Respondent.              *
* * * * * * * * * * * * *
```

*Jeffrey S. Pop, Esq.*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Lara A. Englund, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On September 27, 2017, Stefanie Hoffman ["Mrs. Hoffman or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed transverse myelitis ("TM") after receiving an influenza ("flu") vaccine on October 7, 2014. Stipulation, filed September 11, 2023, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On September 11, 2023, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent agrees to issue the following payment:

    a. **A lump sum of $467,349.10**, which amount represents compensation for first year life care expenses ($17,349.10), and combined lost earnings and pain and suffering ($450,000.00), **in the form of a check payable to petitioner, Stefanie Hoffman**.

    b. **A lump sum of $1,046.75** which amount represents reimbursement of an Oregon Medicaid lien for services rendered on behalf of petitioner, **in the form of a check payable jointly to petitioner and**

**Personal Injury Liens**
**Personal Injury Liens Unit**
**P.O. Box 14512**
**Salem, OR 97309**
**Client ID: NP200L2V**
**PIL ID: 492778**
**Tax ID: 93-0592162**

Petitioner agrees to endorse this check to Personal Injury Liens.

    c. **A lump sum of $919.03** which amount represents reimbursement of a Trillium Community Health Plan Medicaid lien for services rendered on behalf of petitioner, **in the form of a check payable jointly to petitioner and**

**The Rawlings Company**
**Attn: Alanah Ziegler**
**PO Box 2000**
**La Grange, KY 40031**
**Reference No.: 115895649**

Petitioner agrees to endorse this check to The Rawlings Company.

    d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

      I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

STEFANIE HOFFMAN,                                )
                                                 )
                    Petitioner,                  )
     v.                                          )
                                                 )        No. 17-1341V
SECRETARY OF HEALTH                              )        Special Master Roth
AND HUMAN SERVICES,                              )        (ECF)
                                                 )
                    Respondent.                  )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Stefanie Hoffman, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on October 7, 2014.

3. The vaccination was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Transverse Myelitis ("TM") and that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged TM, or any other injury, and denies that her current condition is a sequela of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.  A lump sum of $467,349.10, which amount represents compensation for first year life care expenses ($17,349.10), and combined lost earnings and pain and suffering ($450,000.00), in the form of a check payable to petitioner;

> b.  A lump sum of $1,046.75[1] which amount represents reimbursement of an Oregon Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

> Personal Injury Liens
> Personal Injury Liens Unit
> P.O. Box 14512
> Salem, OR 97309
> Client ID: NP200L2V
> PIL ID: 492778
> Tax ID: 93-0592162

> Petitioner agrees to endorse this check to Personal Injury Liens.

> c.  A lump sum of $919.03[2] which amount represents reimbursement of a Trillium Community Health Plan Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the Oregon Department of Health Services may have against any individual as a result of any Medicaid payments made to or on behalf of Stefanie Hoffman a result of her alleged vaccine-related injury suffered on or about October 7, 2014, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the Trillium Community Health Plan may have against any individual as a result of any Medicaid payments made to or on behalf of Stefanie Hoffman a result of her alleged vaccine-related injury suffered on or about October 7, 2014, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

2

The Rawlings Company
Attn: Alanah Ziegler
PO Box 2000
La Grange, KY 40031
Reference No.: 115895649

Petitioner agrees to endorse this check to The Rawlings Company.

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Stefanie Hoffman, pursuant to

which the Life Insurance Company will agree to make payments periodically to petitioner as

follows for the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable Medicare Part B Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,978.80 to be paid up to the anniversary of the date of judgment in year 2047, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

3

b.  For future unreimbursable Medicare Advantage Deductible/Prescription Medication, Disposable Diaper, Wipe, and Glove expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,935.70 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c.  For future unreimbursable Neurologist, Urologist, Fibralax, MiraLax, Physical Therapy, and Psychologist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $330.88 to be paid up to the anniversary of the date of judgment in year 2039.  Thereafter, beginning on anniversary of the date of judgment in year 2039, an annual amount of $290.88 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d.  For future unreimbursable Walker, Cane, Scooter, Transfer Bench, Handheld Shower, Kitchen Stool, Adjustable Bed, Standing Recliner, Protective Cream, Cloth CHUX, Scooter Lift, and Lift Maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $654.12 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e.  For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,500.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Stefanie Hoffman, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Stefanie Hoffman's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

4

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used

5

solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.   In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 7, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about September 27, 2017, in the United States Court of Federal Claims as petition No. 17-1341V.

17.   If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.   If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

6

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged TM or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

7

Respectfully submitted,

**PETITIONER**

STEFANIE HOFFMAN

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |

JEFFREY S. POP, ESQ.
Jeffrey S. Pop & Associates
9150 Wilshire Blvd., Suite 241
Beverly Hills, CA 90212
Tel: (310) 273-5462
Email: jpop@poplawyer.com

HEATHER L. PEARLMAN
**Deputy Director**
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

| | |
|---|---|
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |

Henry P.
by Mcmillan -S3
Digitally signed by Henry P.
Mcmilan -S3
Date: 2023.08.07 14:12:38
-04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

LARA A. ENGLUND
**Assistant Director**
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-3013
Email: Lara.A.Englund@usdoj.gov

Dated: 9|11|23

8