# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1341V
Filed: November 6, 2024

| | |
|---|---|
| * * * * * * * * * * * * * *<br>STEFANIE HOFFMAN,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent.<br>* * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*Jeffrey Pop, Esq.,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Lara Englund, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On September 27, 2017, Stefanie Hoffman ("Ms. Hoffman" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] ("Vaccine Act" or "Program") alleging that she suffered transverse myelitis ("TM") as a result of an influenza vaccination she received on October 7, 2014. Petition at 1, ECF No. 1.

On September 11, 2023, a stipulation decision issued, adopting the parties' agreement to an award of damages. ECF Nos. 74-75.

On March 18, 2024, petitioner filed a Final Motion for Attorney's Fees and Costs,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

requesting $70,408.00 in attorney's fees and $81,258.97[3] in costs for a **total award of $151,666.97**. Motion for Fees, ECF No. 80. Respondent filed his Response on March 22, 2024, stating he was satisfied the statutory requirements for an award of fees and costs were met in this case. Response at 2, ECF No. 81. Petitioner did not file a Reply.

For the reasons discussed below, petitioner's Motion for Fees is **GRANTED**.

### I.      Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II.     Discussion

**A. Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

---

[3] It appears the math contained in the motion itself is slightly off. The total reached by adding all costs is $81,258.97—not the requested $81,258.67. *See generally* Motion for Fees.

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests compensation based on the following rates:

| Name | 2015 | 2016-2018 | 2019 | 2020-2021 | 2022-2024 |
|---|---|---|---|---|---|
| Jeffrey Pop | $400 | $420 | $453 | $470 | $520 |
| Kristina Grigorian | $235 | $250 | $292 | $325 | $410 |
| Alexandra Pop | $225 | $225 | $262 | $295 | $385 |
| Law Clerks | $125 | $125 | $138 | $150 | $165 |

Motion for Fees at 6. The requested rates are consistent with what Mr. Pop and his associates have been awarded. *See, e.g., Pentcholov v. Sec'y of Health & Human Servs.*, No. 14–414V, 2016 WL 3197389, at *4-5 (Fed. Cl. Spec. Mstr. Apr. 29, 2016); *Miller v. Sec'y of Health & Human Servs.*, No. 16–0595V, 2017 WL 705122, at *1-2 (Fed. Cl. Spec. Mstr. July 24, 2017); *Meade v. Sec'y of Health & Human Servs.*, No. 17-1633V, 2019 WL 4256281, at * 2 (Fed. Cl. Spec. Mstr. Aug. 14, 2019); *Abdelnour v. Sec'y of Health & Human Servs.*, No. 16-1580V, 2023 WL 2620647, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2023). Thus, no reductions are necessary.

B. **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

---

[4] The 2015-2024 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work performed and reasonably correspond with the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. *See generally* Motion for Fees. Thus, petitioner's requested attorneys' fees are awarded in full.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $11,658.97 in costs associated with the filing fee, medical records, medical literature, postage, and consultation with petitioner's treating neurologist regarding her prognosis and need for ongoing care. Motion for Fees at 4, 67. I find these costs to be reasonable and supported by adequate documentation. *Id*. at 68-78, 80-86, 88-90, 92, 94-115.

In addition to the aforementioned expenditures, petitioner requested costs associated with her experts. On behalf of Dr. Steinman, a neuro-immunologist, she requested $14,875.00 for 34 hours of work in this case. Dr. Steinman charged at an hourly rate of $500 for work performed in 2018 and 2019 and $550 for work performed in 2020. Motion for Fees at 9-10, 79, 117. Both rates have been awarded. *Piller v. Sec'y of Health & Human Servs.*, No. 18-1314V, 2024 WL 966802, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2024); *D.G. v. Sec'y of Health & Human Servs.*, No. 11-577V, 2020 WL 3265015, at *6 (Fed. Cl. Spec. Mstr. May 22, 2020). I find Dr. Steinman's rate and hours expended on this case to be reasonable and reimburse his fees in full.

On behalf of radiologist Dr. Silverman, petitioner requested $35,952.50. Motion for Fees at 10-11, 91, 119-22. Dr. Silverman charged a rate of $425 per hour for 85.1 hours of work. *Id*. at 121-22. The number of hours expended on this matter is higher than what is typically seen in vaccine cases. However, the key dispute in this case was over the appropriate diagnosis. As detailed in the invoice, the majority of Dr. Silverman's work on this matter was spent reviewing various imaging studies to confirm the diagnosis of TM, as argued by petitioner, versus spinal cord infarct, as argued by respondent's experts. *Id*. at 4, 119-22. It is reasonable to expect that Dr. Silverman's opinion that petitioner's imaging confirmed a TM diagnosis helped this matter reach a resolution. Dr. Silverman's rate has been awarded in the past. *Larrington v. Sec'y of Health &*

*Human Servs.*, No. 17-1054V, 2022 WL 1153481, at *3 (Fed. Cl. Spec. Mstr. Mar. 28, 2022). Accordingly, I find his rate and the hours expended on this matter to be reasonable and award Dr. Silverman's fees in full.

Petitioner further requested $5,092.50 for her life care planner, Brook Feerick. Motion for Fees at 11-12, 87, 124-26. Ms. Feerick charged at a rate of $225 per hour for years 2021-2022 and $275 for 2023, both of which have previously been awarded. *Hatfield v. Sec'y of Health & Human Servs.*, No. 19-467V, 2024 WL 4043853, at *3 (Fed. Cl. Spec. Mstr. May 14, 2024). Finally, petitioner requested $13,680.00 on behalf of her economist, Karen Smith. Motion for Fees at 12-13, 93, 128-32. Ms. Smith charged at an hourly rate of $400, which she has been awarded. *Hatfield*, No. 19-467V, 2024 WL 4043853, at *3. As such, Ms. Feerick's and Ms. Smith's fees are awarded in full.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **$151,666.97,** representing $70,408.00 in attorney's fees and $81,258.97 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Jeffrey Pop**.

In the absence of a timely-filed motion for review (*see* Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.